**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Cain Gonzalez,<br><br>           Plaintiff,<br>     v.<br><br>City of Fresno, Chief Jerry Dyer, County of Madera, Sheriff John Anderson, and DOES 1-10,<br><br>           Defendants. | 1:06-cv-01751-OWW-TAG<br><br>ORDER GRANTING DEFENDANTS CITY OF FRESNO'S AND CHIEF JERRY DYER'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (Doc. 20) |

### I. Introduction.

Before the court is the City of Fresno's and Chief Jerry Dyer's (collectively "Fresno Defendants") Motion to Dismiss the Plaintiff's Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure ("FRCP" or "Rule") 12(b)(6). Specifically, the Fresno Defendants move to dismiss Plaintiff's fourth and fifth causes of action under 42 U.S.C. § 1985(2) on the grounds the allegations in support of these causes of action are vague, conclusory, and are not adequately pleaded.

### II. Background.

A.  Procedural Background.

Plaintiff, Cain Gonzalez, ("Plaintiff") filed this civil rights case against the City of Fresno, Chief of Police Jerry Dyer, the County of Madera, and Sheriff John Anderson on December 4, 2006.  The original complaint sought declaratory relief,

1  injunctive relief, and damages against the Fresno Defendants and
2  the County of Madera and Sheriff John Anderson under 42 U.S.C. §
3  1983, 42 U.S.C § 1985(2) and (3), the Fourth and Fourteenth
4  Amendments of the United States Constitution, California Civil
5  Code § 52.1(b), the Unruh and Tome Bane Civil Rights Act,
6  Intentional Infliction of Emotional Distress, False Arrest,
7  Negligence, Negligent Retention, Hiring, and Training, and
8  Negligent Infliction of Emotional Distress.  Before any defendant
9  filed an answer, Plaintiff filed a first amended complaint
10 ("FAC") on December 29, 2006.  The FAC appears to be identical to
11 the original complaint.
12      On February 1, 2007, the Fresno Defendants filed a motion to
13 dismiss Plaintiff's FAC, which Plaintiff did not oppose.  On
14 March 7, 2007, the Fresno Defendants withdrew their motion to
15 dismiss the FAC.  On February 8, 2007, defendants County of
16 Madera and Sheriff John Anderson ("Madera Defendants") filed a
17 motion to dismiss the FAC, which Plaintiff did not oppose.  On
18 March 16, 2007, by stipulation and order, the Madera Defendants
19 withdrew their motion to dismiss the FAC, and Plaintiff was given
20 leave to file a second amended complaint.
21      On March 26, 2007, Plaintiff filed a second amended
22 complaint ("SAC").  On April 4, 2007, the Fresno Defendants filed
23 a motion to dismiss Plaintiff's SAC, which is now before the
24 Court.
25      B.   Factual Background.
26      Plaintiff is a Hispanic male residing in the Eastern
27 District of California.  Defendant City of Fresno is a municipal
28 corporation located in the County of Fresno.  Defendant Jerry

2

Dyer is the Chief of the Fresno Police Department and is sued in his individual and official capacities.  DOES 1-4 are name-unknown members of the Fresno Police Department who are sued in their individual and official capacities.  Defendant County of Madera is a government entity that controls the Madera Sheriff's Department.  Defendant John Anderson is the Sheriff of the Madera Sheriff's Department and is sued in his individual and official capacities.

The facts giving rise to this lawsuit are as follows.  DOES 1-4 of the Fresno Police Department detained and assaulted Plaintiff in front of his home, although it is unclear why Plaintiff was detained.  DOE 1 accused Plaintiff of possessing drugs.  According to Plaintiff, DOE 1 perceived Plaintiff as gay and said, "I know where you faggots keep your shit."  DOE 1 then proceeded to thrust one or more of his fingers or thumb up Plaintiff's anus to search for drugs.  The anal cavity search ruptured the lining of Plaintiff's rectum causing excruciating pain.

Plaintiff, screaming in agony, called out for his mother who was nearby on her own property.  The officers ordered Plaintiff's mother to go inside her house.  After Plaintiff began to bleed profusely from his rectum, the officers took him to Community Medical Center where he received treatment for his injuries.

DOES 1-4 arrested Plaintiff on fabricated probable cause, and he was incarcerated for nearly one month.  No charges were filed against Plaintiff for drug possession stemming from this incident.  While Plaintiff was incarcerated in Fresno, he missed

3

a court date on a matter for which he was scheduled to appear in Madera County, and an arrest warrant was subsequently issued for his nonappearance.

Plaintiff was released from Fresno County Jail and transferred to Madera County Jail.  Plaintiff, a gay male, was in protective custody in Fresno County Jail.  Plaintiff was initially placed in protective custody in Madera County Jail, but four days later, he was summarily placed in the general prison population.  While in general population, Plaintiff was immediately assaulted by gang members who slashed his ear and broke his eardrum.  Plaintiff believes that the Madera Sheriff's Department and Fresno Police Department conspired to remove him from protective custody to the general prison population to intimidate him and coerce him into not filing a complaint against the Fresno Police Department for the body cavity search.

The SAC also omitted Plaintiff's mother as a plaintiff and eliminated Plaintiff's state law causes of action.  Plaintiff's SAC seeks damages under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution because of the defendants arbitrary and unlawful use of force, and Plaintiff's right to be free from discriminatory law enforcement. Plaintiff's SAC also seeks damages under 42 U.S.C. § 1985(2) and the Fourth Amendment to the United States Constitution.

The SAC sets forth five causes of action.  The first cause of action asserts the individual defendants, other than defendant Anderson, violated Plaintiff's equal protection rights under 42 U.S.C. § 1983 and the Fourteenth Amendment by wrongfully targeting for harassment by law enforcement, men who were gay,

4

their families, and Hispanics.

The second cause of action asserts the individual defendants, other than defendant Anderson, violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

The third cause of action asserts one or more of the defendants, particularly Chief Dyer and Sheriff Anderson, violated Plaintiff's rights under 42 U.S.C. § 1983 by establishing, maintaining, encouraging, or allowing customs, practices, or policies of providing inadequate training, supervision, oversight, and discipline over their respective officers that targeted gay men.

The fourth cause of action asserts two or more of the Fresno Defendants, including DOES 1-4, conspired

> to act and to fail and omit to act . . . for the purpose of (i) impeding, hindering, obstructing, an defeating the due course of justice in Fresno and Madera (ii), and to subject Plaintiff's property and person to (a) deny their right to be free from unreasonable search and seizure; (b) to deny the right not to be deprived of life, property, or liberty without due process of law[]

in violation of 42 U.S.C. § 1985(2) and the Fourth Amendment.

The fifth cause of action asserts the Fresno Defendants, including DOES 1-4, purposely, under the color of law, conspired to deny Plaintiff equal protection of the laws under 42 U.S.C. § 1985(2) and the Fourteenth Amendment.

Plaintiff seeks compensatory damages, punitive damages, costs, expenses, and attorney's fees.

### III. Legal Standard.

FRCP 12(b)(6) provides that a motion to dismiss may be made

5

if the plaintiff fails "to state a claim upon which relief can be granted." However, motions to dismiss under FRCP 12(b)(6) are disfavored and are rarely granted. The question before the court is not whether the plaintiff will ultimately prevail; rather, it is whether the plaintiff could prove any set of facts in support of his claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted).

In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *see also Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. Discussion.

In response to Plaintiff's SAC, the Fresno Defendants filed this Rule 12(b)(6) motion to dismiss Plaintiff's fourth and fifth causes of action under 42 U.S.C. § 1985(2). Specifically, the Fresno Defendants contend the allegations set forth in both the fourth and fifth causes of action are vague, conclusory, and are not adequately pleaded.

Plaintiff admits he inadvertently based his fourth and fifth

causes of action on 42 U.S.C. § 1985(2).  Plaintiff specifically states he "intended to base it upon 42 U.S.C. § 1983(3) [sic][1], Conspiracy to Deprive Persons of Rights or Privileges."  Plaintiff asserts the language of 42 U.S.C. § 1983(3) includes "conspiring . . . . for the purpose of depriving . . . . any person or class of persons of the equal protection of the laws[,]" which fits the facts as alleged in the SAC.  Plaintiff states he will amend the SAC to correct this inadvertent error.

Section 1985 of Title 42 sets forth several means by which two or more persons may conspire to interfere with an individual's civil rights.  In particular, section 1985(2) provides

> (2) Obstructing justice; intimidating party, witness, or juror
>
> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully

---

[1] No such statute exists; section 1983 is a single paragraph.  The language Plaintiff recites in his Response to Defendants' Motion to Dismiss comes from 42 U.S.C. § 1985(3), and Plaintiff's Proposed Third Amended Complaint For Damages cites section 1985(3) as the grounds for his fourth and fifth causes of action.

7

>     enforcing, or attempting to enforce, the right of any
>     person, or class of persons, to the equal protection of
>     the laws;

42 U.S.C. § 1985(2). "Section 1985(2) contains two clauses that give rise to separate causes of action." *Portman v. County of Santa Clara*, 995 F.2d 898, 908 (9th Cir. 1993). The first clause concerns access to federal courts, while the second clause concerns access to State or Territorial courts. *Id.* at 909.

The first clause of section 1985(2), which concerns federal courts, is not artfully drafted, but is broken down as follows.

>     If two or more persons in any State or Territory
>     conspire to deter, by force, intimidation, or threat,
>     any party or witness in any court of the United States
>
>     •     from attending such court,
>
>     •     or from testifying to any matter pending
>           therein, freely, fully, and truthfully,
>
>     •     or to injure such party or witness in
>           his person or property on account of his
>           having so attended or testified,
>
>     •     or to influence the verdict,
>           presentment, or indictment of any grand
>           or petit juror in any such court,
>
>     •     or to injure such juror in his person or
>           property on account of any verdict,
>           presentment, or indictment lawfully
>           assented to by him, or of his being or
>           having been such juror[.]

The second clause of section 1985(2), which concerns States and Territories may be broken down as follows.

>     [I]f two or more persons conspire for the purpose of
>     impeding, hindering, obstructing, or defeating, in any
>     manner,
>
>     •     the due course of justice in any State
>           or Territory, with intent to deny to any
>           citizen the equal protection of the
>           laws,

8

- or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

The first clause of section 1985(2) does not impose a requirement of class-based animus on persons seeking to prove a violation of their civil rights. *Kush v. Rutledge*, 460 U.S. 719, 726 (1983); *Portman*, 995 F.2d at 909. To state a claim under the second clause of section 1985(2), the "equal protection" language requires Plaintiff to allege a class-based animus. *Portman*, 995 F.2d at 909. Likewise, the first clause of section 1985(3) requires some racial or class-based, invidiously discriminatory animus behind the conspirators' action. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985). Gay persons, however, are not a protected class within the meaning of section 1985(3). *DeSantis v. Pacific Tel. & Tel. Co., Inc.*, 608 F.2d 327, 333 (9th Cir. 1979), *abrogated on other grounds by Nichols v. Azteca Rest. Enter., Inc.*, 256 F.3d 864, 875 (9th Cir. 2001).

Here, with respect to the first clause, Plaintiff has not asserted any facts in the SAC indicating that any of the Fresno Defendants or Madera Defendants conspired (1) to deter Plaintiff from attending federal court, (2) to deter Plaintiff from testifying in federal court, (3) to injure Plaintiff for attending or testifying in federal court, (4) to influence a verdict, presentment, or indictment of a grand or petit juror, or (5) to injure such juror on account of any verdict, presentment, or indictment, or injure such juror for being a juror. This clause presupposes that a legal proceeding in federal court

9

exists before two or more persons conspire to undertake any of the proscribed acts listed above.

As to the second clause, Plaintiff has not asserted any facts in the SAC that any of the Fresno Defendants or Madera Defendants conspired to impede, hinder, obstruct, or defeat the due course of justice in a state or territory to deny Plaintiff the equal protection of the laws. Nor have the Fresno Defendants or Madera Defendants injured Plaintiff or his property for enforcing or attempting to enforce the right of any person or class of persons to the equal protection of the laws.

The only facts Plaintiff alleges regarding a conspiracy are that the Madera Sheriff's Department and the Fresno Police Department conspired to have Plaintiff removed from protective custody to general population while he was in Madera County Jail. The removal from protective custody in Madera County Jail, according to Plaintiff, was to intimidate him and coerce him into not filing a complaint against the Fresno police for the cavity search. These allegations neither support the claim that the defendants conspired to deny him access to a federal court, nor do they support the claim that the defendants conspired to impede, hinder, obstruct, or defeat the due course of justice in a state or territory. Plaintiff has not sufficiently pleaded a cause of action under 42 U.S.C. § 1985(2).

Plaintiff admits in his Response to Defendants' Motion to Dismiss that he inadvertently based his fourth and fifth causes of action on 42 U.S.C. § 1985(2) when they should have been based on 42 U.S.C. § 1985(3). Plaintiff's proposed third amended complaint confirms he intended to bring his fourth and fifth

10

causes of action under section 1985(3).  At the hearing, however, counsel for Plaintiff admitted he could not allege facts to support a section 1985 conspiracy and agreed to delete those claims from the third amended complaint.

### V.  Conclusion.

Plaintiff has not sufficiently pleaded a cause of action under 42 U.S.C. § 1985(2).  The Fresno Defendants' motion to dismiss Plaintiff's fourth and fifth causes of action under 42 U.S.C. § 1985(2) is GRANTED.  Plaintiff's fourth and fifth causes of action are dismissed with prejudice.  Plaintiff is granted leave to file his Third Amended Complaint within ten (10) business days following the date of service of this decision.

**IT IS SO ORDERED.**

**Dated:   August 7, 2007**               /s/ Oliver W. Wanger
                                          **UNITED STATES DISTRICT JUDGE**