UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAIN GONZALEZ, ) | 1:06-cv-1751 OWW TAG |
| ) | |
| Plaintiff, ) | SCHEDULING CONFERENCE ORDER |
| ) | |
| v. ) | Dispositive Motion Hearing |
| ) | Date: 5/11/09 10:00 Ctrm. 3 |
| CITY OF FRESNO, CHIEF JERRY ) | |
| DYER, COUNTY OF MADERA, SHERIFF ) | Pre-Trial Conference Date: |
| JOHN ANDERSON and DOES 1 through ) | 5/18/09 11:00 Ctrm. 3 |
| 10, inclusive, ) | |
| ) | Trial Date: 6/23/09 9:00 |
| Defendants. ) | Ctrm. 3 (JT-4 days) |
| ) | |

I. Date of Scheduling Conference.

March 25, 2009.

II. Appearances Of Counsel.

Cain Gonzalez appeared in pro se.

Also present was Bruce Nickerson, Esq.

Weakley, Arendt & McGuire, LLP by James J. Arendt, Esq., appeared on behalf of Defendants.

III. Summary of Pleadings.

1. This is a Further Scheduling Conference following the withdrawal, as attorney of record, of Bruce Nickerson, Esq.

2. At 5:00 a.m. on November 8, 2005, Fresno Police

1

Officers were dispatched to 5235 E. Wildflower in response to a 911 call of a reported disturbance. When the Officers arrived, they found a car backed into the driveway of the residence and partially in the street. The officers saw two occupants in the car (later identified as Plaintiff and his brother, Mark Gonzalez ("Mark")).

3. Plaintiff and Mark quickly exited the car and immediately became confrontational, demanding that the officers leave. Plaintiff and Mark refused to identify themselves to the Officers who were attempting to investigate the reported disturbance. Ultimately, both were arrested for obstructing and delaying the officers in the performance of their duties. The Officers found several baggies of methamphetamine on Plaintiff and Mark when they were searched subsequent to their arrest. After their arrest, Plaintiff and Mark were booked into the Fresno County Jail.

4. On November 25, 2005, Plaintiff was transported from the Fresno County Jail to the Madera County Jail due to an outstanding Madera County warrant. While in custody, Plaintiff was involved in an altercation with another inmate resulting in a laceration to his ear and a partially ruptured ear drum.

5. As to the Fresno Defendants, Plaintiff, who is gay, alleges he was falsely arrested and that during the arrest, a Fresno Police Officer inserted a finger into his rectum and made derogatory comments about being a homosexual. Plaintiff claims that this conduct was due to a Fresno Police Department custom, policy and practice of discrimination against homosexuals. Plaintiff also alleges a custom, policy and practice of

inadequate training, supervision and discipline of Fresno Police Officers.  Plaintiff has not named any individual Defendants other than Defendant Dyer.

    6.    With respect to the Madera Defendants, Plaintiff claims that, pursuant to a conspiracy between the Fresno Police Department and Madera Sheriff's Department, he was placed in general population where it was likely he would be assaulted by other inmates.  Plaintiff alleges this was due to a custom, policy and practice of the County of Madera.  Plaintiff also alleges that the Madera Defendants had a custom, policy and practice of inadequate training, supervision and discipline of their officers.

IV.    Procedural History.

    1.    Plaintiffs Cain Gonzalez and Soila Gonzalez (Cain's mother) filed a complaint for damages on December 4, 2006. Document No. ("Doc. No.") 1.  An amended complaint was filed December 29, 2006.  Doc. No. 6.

    2.    On February 1, 2007, the City of Fresno Defendants filed a motion to dismiss.[1]  Doc. No. 8.  On February 8, 2007, a motion to dismiss was filed by the Madera County Defendants. Doc. No. 11.  Plaintiffs filed statements of non-opposition to both motions which were subsequently withdrawn by Defendants. Doc. Nos. 12-13, 15, 17.

    3.    On March 26, 2007, Plaintiff Cain Gonzalez filed a second amended complaint (Soila Gonzalez was not included as a

---

[1] At that time, the City of Fresno Defendants were represented by attorney Michael Marderosian.

3

Plaintiff). Doc. No. 19. The City of Fresno Defendants filed a motion to dismiss on April 4, 2007. Doc. No. 20. Plaintiff filed an opposition on April 12, 2007. Doc. No. 21. A hearing was held on August 6, 2007, and on August 8, 2007, the Court granted the motion to dismiss. Doc. Nos. 29-30.

    4. Plaintiff filed a third amended complaint on August 11, 2007. Doc. No. 31. The City of Fresno Defendants filed an answer on August 15, 2007 (Doc. No. 32) and the Madera County Defendants filed an answer on August 17, 2007. Doc. No. 33.

    5. The Scheduling Conference was held on November 29, 2007. Doc. No. 40. Trial was set for January 20, 2009. Other pre-trial scheduling dates were also set.

    6. On February 20, 2008, the Law Firm of Weakley, Ratliff, Arendt & McGuire substituted in for Mr. Marderosian. Doc. Nos. 42-45.

    7. On September 3, 2008, by stipulation and order, the pretrial dates were scheduled as follows: September 30, 2008 - non-expert discovery deadline; October 10, 2008 - expert witness designations due; October 24, 2008 - supplemental expert designation due; and November 7, 2008 - expert discovery deadline. Doc. No. 59.

    8. On September 30, 2008, Defendants filed motions for summary judgment or, in the alternative, summary adjudication.[2] Doc. Nos. 61-62. Per the Court's order, the hearing on the motions was set for December 1, 2008. Doc. No. 63. Plaintiff

---

[2] The City of Fresno Defendants and the Madera County Defendants filed two separate motions.

has not filed an opposition to these motions.

    9. On October 1, 2008, Mr. Nickerson filed a motion to withdraw as Plaintiff's counsel of record. Doc. Nos. 64-65.

    10. On November 7, 2008, the Court vacated the December 1, 2008, hearing on Defendants' motions for summary judgment subject to re-notice based on the outcome of Mr. Nickerson's motion to withdraw. Doc. No. 68. On December 1, 2008, the Court granted Mr. Nickerson's motion. Doc. No. 75.

    11. On January 5, 2009, Plaintiff filed a notice that he would proceed in pro per. Doc. No. 80.

    12. On January 6, 2009, the Court set this mandatory Scheduling Conference and the January 20, 2009, trial date was vacated. Doc. No. 82.

## V. Pre-Trial Motion Schedule.

    1. The Motions for Summary Judgment will be heard on May 11, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.

## VI. Pre-Trial Conference Date.

    1. May 18, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2. The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3. Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

VII. Motions - Hard Copy.

    1. The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached. Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

VIII. Trial Date.

    1. June 23, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2. This is a jury trial.

    3. Counsels' Estimate Of Trial Time:

        a. 4 days.

    4. Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

IX. Compliance With Federal Procedure.

    1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

X. Effect Of This Order.

    1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at

any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   March 26, 2009              /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE